# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-30661

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2026

Lyle W. Cayce
Clerk

Tomas Rey; Melisa Rey; Robert K. Denny; Victoria Emmerling; Nicole Williamson,

*Plaintiffs—Appellants*,

*versus*

LCMC Health Care Partners, L.L.C.; Louisiana Children's Medical Center; Children's Hospital; LCMC Health Holdings, Incorporated,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1188

———————————————————

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Stuart Kyle Duncan, *Circuit Judge*:

Five people (Plaintiffs) living near a New Orleans hospital sued to abate helicopter noise and vibrations after the hospital relocated its helipad closer to their homes. The district court held, in part, that federal regulations preempted Plaintiffs' request to order the helipad relocated. Plaintiffs immediately appealed, arguing this court has jurisdiction before final

No. 25-30661

judgment because the district court's order effectively refused an injunction. We disagree. Accordingly, we DISMISS the appeal for lack of jurisdiction.

I

Children's Hospital in New Orleans uses its helicopter to transport critically ill children from across the Gulf region to New Orleans. Six years ago, the hospital moved its helipad. The old helipad sat atop a one-story building on the side of the hospital complex nearest the Mississippi river. Concerned that helipad was unsafe due to obstructions from other buildings, hospital leadership moved it to the top of a newly built tower in the middle of the complex. The old helipad was decommissioned.

A year later, five people living near the hospital brought a class-action suit in state court against the hospital and related entities (collectively, Defendants), claiming the new helipad was a nuisance because of helicopter noise and vibrations. Plaintiffs sought a mandatory injunction requiring the hospital to relocate the helipad or abate the noise and vibrations by other means. They also sought damages for nuisance and negligence.

Defendants removed the suit to federal court. The district court denied Plaintiffs' subsequent request to remand to state court. Attempting to avoid federal jurisdiction under the Class Action Fairness Act, Plaintiffs then removed the class-action allegations from their complaint and asked the court not to exercise supplemental jurisdiction. The district court refused, holding Plaintiffs were trying to forum shop, and exercised supplemental jurisdiction.

Defendants moved for summary judgment, which the court granted in part. It held that Federal Aviation Administration (FAA) regulations preempted a permanent injunction that would force Defendants to move the helipad. The court also dismissed Plaintiffs' requests for certain kinds of

2

damages, such as personal injury and property damages. But the court allowed Plaintiffs' nuisance claims for general damages to proceed to trial.

Without waiting for trial, Plaintiffs immediately appealed. Defendants moved to dismiss for lack of appellate jurisdiction. That motion was carried with the appeal.

## II

"First, we must address our appellate jurisdiction." *Chandler v. Phx. Servs., L.L.C.*, 45 F.4th 807, 812 (5th Cir. 2022). In response to Defendants' motion, Plaintiffs argue we have jurisdiction to review the district court's nonfinal order as an "[i]nterlocutory order[] . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). Specifically, Plaintiffs argue that the partial grant of summary judgment "refused an injunction" by dismissing their request for an injunction on their nuisance claim. We disagree.

## A

Section 1292(a)(1) is a "limited exception to the final-judgment rule" that is construed "narrowly." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). We must therefore apply the exception "gingerly lest a floodgate be opened that permits immediate appeal over too many nonfinal orders." *Anderson v. Hutson*, 114 F.4th 408, 415 (5th Cir. 2024) (quotation omitted).

To be sure, § 1292(a)(1) permits the immediate appeal of interlocutory orders that "*explicitly* grant or deny injunctive relief." *Sherri A.D. v. Kirby*, 975 F.2d 193, 203 (5th Cir. 1992) (emphasis added); *see also Navy v. Sch. Bd. of St. Mary Par.*, 166 F.4th 550, 554 (5th Cir. 2026). That is why we routinely review interlocutory rulings granting or denying a motion for a preliminary injunction. *See In re Ft. Wor. Chamber of Com.*, 100 F.4th

528, 533 (5th Cir. 2024) ("When a district court denies a preliminary injunction, the denial is an appealable interlocutory order.").

But, as the Supreme Court held in *Carson*, a greater showing is required before a party may take an interlocutory appeal of an order having only the "practical effect of refusing an injunction." *Carson*, 450 U.S. at 84. The party must show, first, that the order "might have a serious, perhaps irreparable, consequence," and, second, that it may be "effectually challenged only by immediate appeal." *Ibid.* (quotation omitted); *see also Thomas ex rel. D.M.T. v. Sch. Bd. St. Martin Par.*, 756 F.3d 380, 384 (5th Cir. 2014); *Roberts v. St. Regis Paper Co.*, 653 F.2d 166, 170 (5th Cir. 1981).

Interlocutory orders barring permanent injunctions rarely satisfy these factors. Permanent injunctions are final remedies not designed to relieve irreparable harm while a case is pending. *See Shanks v. City of Dallas*, 752 F.2d 1092, 1097 (5th Cir. 1985). As a result, a party will "only on occasion" be able to show that the "erroneous interlocutory denial of a permanent injunction" will cause "serious, perhaps irreparable, consequence" in the time between the interlocutory order and final judgment. *Id.* at 1096–97; *see also Commodity Futures Trading Comm'n v. Preferred Cap. Inv. Co.*, 664 F.2d 1316, 1319 n.4 (5th Cir. 1982) (quotation omitted) (explaining that an "interlocutory order refusing a permanent injunction . . . usually carries a lesser threat of irreparable harm since full injunctive relief may be granted on appeal"). The upshot is that § 1292(a)(1) "functions primarily" to allow interlocutory review of "preliminary, and not permanent, injunctions." *Shanks*, 752 F.2d at 1096.[1]

---

[1] Indeed, our court has questioned whether denying a permanent injunction can *ever* meet the first *Carson* factor and provide interlocutory jurisdiction. *See Gould v. Control Laser Corp.*, 650 F.2d 617, 621 n.9 (5th Cir. 1981) ("It is not clear that we have jurisdiction to review even an explicit interlocutory denial of a permanent as opposed to preliminary

No. 25-30661

Other circuits take a different approach to this issue. For example, the Seventh Circuit, while admitting its test "may need a fresh look," allows interlocutory jurisdiction any time a district court "strip[s] the case of its equitable component." *Chi. Joe's Tea Room, LLC v. Village of Broadview*, 894 F.3d 807, 812 & n.1 (7th Cir. 2018). That court does not apply the *Carson* factors to the inquiry. Neither does the Ninth Circuit, which views the *Carson* factors as "simply irrelevant" when a district court denies a "request for a permanent injunction" in a partial summary-judgment order. *See Shee Atika v. Sealaska Corp.*, 39 F.3d 247, 248–49 (9th Cir. 1994). Nor do the Third and D.C. Circuits.[2]

Other circuits take our approach, however. For example, the Second Circuit, in a case mirroring this one, ruled that "[w]here the denial of a permanent injunction is the result of a grant of partial summary judgment and

---

injunction."); 16 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3924.1 (3d ed. 2026) ("The Fifth Circuit seems to take the view that § 1292(a)(1) does not authorize appeal from an order granting summary judgment against a request for a permanent injunction."). The Wright & Miller treatise forcefully argues for this approach, urging that "Section 1292(a)(1) jurisdiction should not be complicated by an ad hoc, case-specific inquiry into serious, perhaps irreparable consequences" and that "[r]outine appeal from interlocutory orders that narrow or deny permanent relief is unwarranted." 16 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3924.1 (3d ed. 2026). The authors instead suggest that "ordinary § 1292(a)(1) appeals should be limited to orders refusing express requests for preliminary injunctions." *Ibid.* Assuming this remains an open question in our circuit, we have no occasion to reach it because, as we explain, Plaintiffs make no effort to show under *Carson*'s first factor that they will suffer "serious, perhaps irreparable" consequences in the interim. *Carson*, 450 U.S. at 84.

[2] *See also, e.g.*, *Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1464 (3d Cir. 1989) ("[W]hen a claim seeking injunctive relief is dismissed . . . the effect of such a dismissal is to deny the ultimate equitable relief sought by the claimant, and the order is appealable under section 1292(a)(1)."); *I.A.M. Nat'l Pension Fund Benefit Plan A v. Cooper Indus., Inc.*, 789 F.2d 21, 24 n.3 (D.C. Cir. 1989) ("The *Carson* requirements also do not apply to district court orders which have the practical effect of granting or denying an injunction if such orders go to the merits of a case.").

there is no final judgment, we lack appellate jurisdiction" unless the litigant satisfies the *Carson* factors. *Cuomo v. Barr*, 7 F.3d 17, 19 (2d Cir. 1993) (citing *Carson*, 450 U.S. at 84). Similarly, the First Circuit denied interlocutory jurisdiction when a district court denied permanent "injunctive relief" because "plaintiffs [were] hard pressed to demonstrate that the instant order ha[d] any immediate consequences of a serious nature." *Plymouth Cnty. Nuclear Info. Comm., Inc. v. Bos. Edison Co.*, 655 F.2d 15, 18 (1st Cir. 1981); *see also Anderson v. City of Boston*, 244 F.3d 236, 238 (1st Cir. 2001) ("[T]he dismissal of some claims for injunctive relief when other claims remain pending does not 'expressly' deny an injunction." (citing *Plymouth*, 655 F.2d at 16–17)). So too the Sixth, Tenth, and Eleventh Circuits.[3]

In any event, our circuit's settled approach is clear: Where a district court's nonfinal order has the practical effect of refusing an injunction, we have interlocutory jurisdiction to review that order only if the appellant satisfies the *Carson* factors. *See Atwood Turnkey Drilling v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1176 (5th Cir. 1989) (applying *Carson* when district court orders "were not denominated injunctions").

---

[3] *See also, e.g.*, *Sims Varner & Assocs., Inc. v. Blanchard*, 794 F.2d 1123, 1126–27 & n.6 (6th Cir. 1986) (applying *Carson* to a partial summary judgment order that was "in effect a final denial on the merits of all the equitable relief [Plaintiff] ha[d] sought" but also declining to "resolve the conflict among courts on the scope of *Carson*"); *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1479–80 (6th Cir. 1995) (applying *Carson* to an order "dismissing some of the plaintiffs' claims" that "constituted a refusal to grant the requested injunctive relief sought"); *Hutchinson v. Pfeil*, 105 F.3d 566, 570 (10th Cir. 1997) ("Where a district court grants partial summary judgment against a plaintiff who has sought injunctive relief we believe that amounts to a practical denial of injunctive relief, and thus an interlocutory appeal may be taken . . . only upon a showing of harm as required by *Carson*."); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1287, 1289–90 (11th Cir. 2010) (applying *Carson* to an order that dismissed five claims "to the extent" they "request[ed] injunctive . . . relief").

No. 25-30661

B

Having set out the governing analysis, we address whether we have jurisdiction to review the district court's partial summary-judgment order.

The district court's order did not explicitly refuse an injunction—after all, no motion for an injunction was before it. The order, however, did have the effect of denying an injunction by holding that FAA preemption precludes permanent injunctive relief. The order therefore "amounts to a practical denial of injunctive relief" by closing the door to a final injunctive remedy. *Hutchinson*, 105 F.3d at 570. Accordingly, we have appellate jurisdiction only if Plaintiffs satisfy the *Carson* factors.

Plaintiffs, however, have not attempted to argue that they meet either factor. That is dispositive. *See Gould*, 650 F.2d at 621–22 (finding no interlocutory jurisdiction when plaintiffs "never even attempted to show that the district court's orders will have irreparable consequences").[4]

That aside, Plaintiffs' own actions belie the notion that the court's order causes them serious or irreparable consequences. For instance, Plaintiffs never moved for a preliminary injunction. While "not a *per se* bar to an [interlocutory] appeal," failing to seek preliminary relief "must be taken into account in assessing any claim of a serious, perhaps irreparable, consequence." *Cuomo*, 7 F.3d at 20 (quotation omitted). As we have explained, seeking "permanent injunctive relief only," but not a

---

[4] Plaintiffs argue only that the *Carson* factors "do[] not apply" because the district court "definitively denie[d]" injunctive relief. Not so. Plaintiffs fail to distinguish between an order explicitly denying a motion for injunctive relief and one merely having the "practical effect" of denying such relief, like the order here. *See, e.g.*, *MAI Basic Four, Inc. v. Basis, Inc.*, 962 F.2d 978, 982 (10th Cir. 1992) (distinguishing between "orders ruling on express motions for injunctive relief" from those that "have the practical effect of granting or refusing an injunction" (quotation omitted)).

No. 25-30661

"preliminary injunction," means "interlocutory orders that refused the injunctive relief requested in the complaint [are] not appealable because the orders lacked 'serious, perhaps irreparable' consequences." *Roberts*, 653 F.2d at 170.[5] In a similar vein, Plaintiffs also did not seek a "separate final judgment," did not try to certify "an interlocutory appeal under 28 U.S.C. § 1292(b)," and did not request "expedited trial" or "expedited review in [our] court" to mitigate any irreparable harm. *Cuomo*, 7 F.3d at 20.

In sum, even had they addressed the *Carson* factors, Plaintiffs are highly unlikely to show they would suffer serious or irreparable consequences merely from waiting until final judgment to seek review of the district court's order. *See Shanks*, 752 F.2d at 1096 (explaining the irreparable harm must be solely due to the "delay in reviewing the order").

III

Accordingly, Defendants' pending motion is GRANTED and the appeal is DISMISSED for lack of jurisdiction.

---

[5] *See also* 16 Wright & Miller's Federal Practice & Procedure § 3924.1 (3d ed. 2026) (explaining the "failure of the plaintiffs to ask for a preliminary injunction . . . [is] strong evidence that the summary judgment [denying permanent injunctive relief] did not threaten irreparable consequences").